966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Wilson ADEVOKHAI, Defendant-Appellant.
 No. 91-5621.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 11, 1992
Decided: June 19, 1992
 
 Murray M. Silver, Atlanta, Georgia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 Before RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Wilson Adevokhai appeals from his jury conviction of conspiracy to commit bank fraud in violation of 18 U.S.C.A.s 1344 (West Supp. 1991). Because we find the evidence sufficient to support his conviction, we affirm.
 
 
 2
 In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established. Tresvant, 677 F.2d at 1021. Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).
 
 
 3
 To support a conviction for conspiracy, the government must show that a conspiracy existed, that the Defendant had knowledge of the conspiracy, and that the Defendant voluntarily became part of the conspiracy. United States v. Badolato, 701 F.2d 915, 920 (11th Cir. 1983). The gravamen of the offense is an agreement to commit a criminal act. United States v. Laughman, 618 F.2d 1067, 1074 (4th Cir.), cert. denied, 447 U.S. 925 (1980). Such an agreement need not be proven by direct evidence, but may be inferred from the facts and circumstances of the case, i.e. circumstances indicating that two or more people acted in concert to achieve an illegal goal. Id.
 
 
 4
 Adevokhai asserts that the evidence was insufficient to support his conviction of one conspiracy. He alleges that, at best, the government proved "a series of smaller conspiracies." The question of whether the evidence shows a single conspiracy or multiple conspiracies is one of fact within the province of the trial jury. United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988). A single conspiracy exists where there is "one overall agreement" or "one general business venture." Id. Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals. Id. Testimony at trial established that Appellant agreed with two accomplices that they would cash fraudulent checks provided by Appellant at his direction with the knowledge that the checks were worthless and with the intent to share the proceeds. Since the evidence was sufficient to establish that the three agreed to commit bank fraud under one overall agreement, we affirm Appellant's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED